IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DISTRICT DIVISION

RECEIVED
2005 DEC 28 A 9:47

VINCENT EDWARDS WILLIAMS,    /
     PETITIONER,              /
                              /
V.                            /    CASE NO.: ~~95-234-B~~
                              /
UNITED STATES OF AMERICA,     /    1:06 CV 002-A
                              /
     RESPONDENT.              /
_____/

### MOTION TO REDUCE SENTENCE AND MODIFY JUDGMENT IN ACCORDANCE TO SENTENCING REFORM ACT 1984 AND 1987 FEDERAL SENTENCING GUIDELINES, PURSUANT TO 18 U.S.C. § 3582(c)(2)

COME NOW, the Plaintiff/Petitioner __Vincent E. Williams__ sui juris in the above styled cause of action in accordance to the SENTENCING REFORM ACT OF 1984 and 1987 FEDERAL SENTENCING GUIDELINES, which was used in violation of the Fifth and Sixth Amendment which effects/affects the Plaintiff/Petitioner SUBSTANTIAL RIGHTS, the following is stated in support of:

1. That the SENTENCING REFORM ACT OF 1984 which makes the 1987 FEDERAL SENTENCING GUIDELINES, mandatory, in which were use by the Judge/Probation to enhance my sentence which was UNCONSTITUTIONAL APPLIED in violation of the FIFTH and SIXTH AMENDMENT; that the provision of the SENTENCING REFORM ACT (SRA) of 1984 18 U.S.C.A. § 3553(a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE: " the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) which states: the need for the sentence imposed--- (A) to reflect the seriousness of the offense, to promote respect for the Law, and to provide just punishment for the offense (B) to afford adequate deterrence to criminal conduct; (C) to protect the Public from further crimes of the defendant and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

2. In 18 U.S.C. § 3582 (a) FACTORS TO BE CONSIDERED IN IMPOSING A TERM OF IMPRISONMENT which states: "... if a term of imprisonment is to be imposed, in determining the length of the term shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation".

**SCANNED**                                  1

3. That 18 U.S.C. § 3582 (b) EFFECT OF FINALITY OF JUDGMENT --- notwithstanding the fact that a sentence to imprisonment can subsequently be (1) modified pursuant to the provision(c). (2). correct pursuant to the provision of Rule 35 of FEDERAL RULES OF CRIMINAL PROCEDURE and section 3742, (3). appealed and modified, if outside the guideline range, pursuant to the provision of section 3742 which is in pursuant to 3742(e).

4. That the SENTENCE REFORM ACT OF 1984 under the provision § 3553 (b)(1), which was addressed by the Supreme Court in United States v. Booker 04-104 and United States v. Fanfan 04-105 in according with the holding in Blakely v. Washington 124 S.Ct. 2531, 159 L.Ed. 2d. 403 (2004), that the unconstitutional application of the guidelines effected the Defendant substantial rights to a jury trial on all exceptional additional finding made by the Probation Officer and Judge base on the preponderance of evidence was in violation of the Fifth and Sixth Amendment. In which Justice THOMAS addressed in the case United States v. Booker (04-104) stating that: " the commentary to 6A1.3 which states " the commission believes that use of a preponderance of evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to facts of a case ".

   In JUSTICE THOMAS dissenting in part stated in United States v. Booker FOOT NOTE 6 :
   > " the court's holding today corrects this mistaken belief, the Fifth Amendment requires **Proof Beyond A Reasonable Doubt,** not by a preponderance of the evidence of any fact that increase the sentence beyond what could have been lawfully imposed on the basis of facts found by the jury or admitted by the Defendant."

5. Pursuant to § 3553(b)(1) a provision of the SENTENCE REFORM ACT of 1984 in which the Supreme Court address in BOOKER stating that the guidelines where constitutional, but that 3553(b)(1) the listed guidelines and policy statement, and Rule 32 (c)(1) are unconstitutional as being applied, under their authority, the judge, rather than the jury, found the facts necessary to increase Booker's Offense Level pursuant to the listed provision; the judge found those fact by a preponderance of the evidence rather than beyond a reasonable doubt, and on the basis of these finding, the judge imposed a sentence above the maximum legally permitted by the Jury's Finding.

In **BOOKER SUPRA** ruling JUSTICE THOMAS states: " Here the question is squarely presented: " the parties press it it" and there is EXTRAORDINARY REASON to clarify the remedy, namely, that our decision potentially affects **every sentencing by Federal Courts**" " I therefore proceed to the severability question ... whether the unconstitutional application of 3553(b)(1), U.S.S.G. §§ 1B1.3, 2D1.1(c)(2), 3C1.1, 1B1.1, 1B1.11(b)(2) and 6A1.3 and Rule 32(c)(1) to BOOKER is severable from the constitutional application of these provision ... " We presume that the unconstitutional application is severable, See e.g. **Regan, 468 U.S. at 653**".

The Constitution does not prohibit what § 3553(b)(1) accomplishes --- binding district courts to the Guidelines. It prohibits allowing a judge alone to make a finding that raises the sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant ... . Just as there is no reason to strike § 3553(b)(1) on its face, there is likewise no basis for striking any Guideline at issue here on its face. The Courts went on to state that, Respondents have not established that USSG 1B1.3 (a)(2), §2D1.1(c)(2), §3C1.1, or §1B1.11(b)(2) is invalid in all its applications, as *Salerno* requires. To the contrary, numerous applications of these provision are valid. Such applications include cases in which the defendant admits the relevant facts or the jury finds the relevant facts beyond a reasonable doubt. Like §3553(b)(1), USSG §§1B1.3(a)(2), 3C1.1 and 1B1.11(b)(2) say nothing about who must find the facts supporting enhancements, or what standard of proof the prosecution must satisfy. They simply attach effects to certains facts; they do not prescribe procedures for determining those facts. Even §1B1.1, which provides instructions for applying the Guidelines, directs an order in which the various provisions are to be applied ("[d]etermine the base offense level", §1B1.1(b), then [a]pply the adjustments," 1B1.1(c), but says nothing about the specific procedures a sentencing court may employ in determining the base offense level and applying adjustment. Moreover, there is no basis for facially invalidating §6A1.3 or 32(c)(1).

Justice THOMAS states this court has knowledge the severability of applications in striking down some applications of a statute while leaving others standing. **Quoting: Brockett** 472 U.S. at 504-507 (quotation omitted ) and **Tennessee v. Garner** 471 U.S. 1, 4 (1985).

3.

Therefore as stated above, many applications of the Guidelines are constitutional The defendant may admit the necessary facts; the Government may not seek enhancements beyond the offense level supported by the jury's verdict; the judge may find facts supporting an enhancement but (taking advantage of the overlap in Guidelines ranges) sentence the defendant within the jury-authorized range; or the jury may find the necessary facts. The text and structure of the SENTENCING REFORM ACT show that Congress meant the Guidelines to bind judges. One of the purposes of the Commission, as set forth in the SENTENCING REFORM ACT, was to:

> " provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." 28 U.S.C. § 991(b)(1)(B) (emphases added)

Thereby the judge is in violation of the SENTENCING REFORM ACT OF 1984 and 1987 FEDERAL SENTENCING GUIDELINES in which the judge, probation officer and Government unconstitutionally applied to my sentence in violation of the 5th and 6th Amendment of the Constitution, by not making those finding beyond a reasonable doubt or the defendant admittance or by a jury trial.

6. The Supreme Court in its recently case **Shepard v. United States** 544 U.S. _____ (2005) No. 03-9168. Justice Thomas, states **Apprendi v. New Jersey** 530 U.S. 466 (2000), and its progeny prohibits judges from making a finding that raises [ a defendant ] sentence beyond the sentence that could lawfully been imposed by reference to facts found by the jury or admitted by the defendant " **United States v. Booker,** 543 U.S. _____ (2005) ( in which the SENTENCING REFORM ACT OF 1984 and 1987 FEDERAL SENTENCING GUIDELINES has been addressed ). Thereby again identifying the unconstitutional application being used against SHEPARD in violation of the SENTENCING REFORM ACT of 1984 and 1987 FEDERAL SENTENCING GUIDELINES, in which Justice Thomas states: "...the rule of **Taylor v. United States 495 U.S. 575 (1990) and further instructs district courts on evidence** they may consider in determining whether prior state conviction are § 924(e) predicate offense. Petitioner Reginald Shepard pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) which exposed him to a maximum sentence of 10 Years under § 924(a)(2) and FEDERAL SENTENCING GUIDELINES RANGE of 30-to-37 months. However § 924(e)(1) (2000 Ed. Supp II) mandated a minimum 15-year sentence if SHEPARD had three previous convictions for " a **violent felony** or a **serious** drug offense ."

Shepard has never conceded that his prior state-court convictions qualify as VIOLENT felonies or SERIOUS Drug Offenses under § 924(e). Justice Thomas states Taylor and today's decision thus explain to lower courts how to conduct fact finding that is, according to the logic of this Court's intervening precedents, unconstitutional in this very case. The need for further refinement of Taylor endures because this court has not yet reconsidered Almendarez-Torres v. United States 523 U.S. 224 (1998) which draws an exception to the APPRENDI line of cases for judicial factfinding that concerns a defendant's prior convictions. See Apprendi, supra at 487-490, Almendarez-Torres like Taylor, has been eroded by this Court's subsequent Sixth Amendment Jurisprudence, and a majority of the Court now recognizes that ALMENDAREZ-TORRES was wrongly decided. "... innumerable criminal defendant have been unconstitutionally sentenced under the flawed rule of Almendarez-Torres, despite the fundamental " imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable doubt requirements" Harris v. United States 536 U.S. 545, 581-582 (2002). Hereby the Court states the imperative of the SENTENCING REFORM ACT OF 1984 and the provisions of 1987 FEDERAL SENTENCING GUIDELINE protection of the Sixth Amendment by notice, trial by jury, and beyond a reasonable doubt requirement before increasing the Petitioner 18 U.S.C. §922(g) to 18 U.S.C. §924(e) enhancements to the minimum 15-years sentence.

7. The SENTENCING REFORM ACT places strict limits on a court's power to modify a federal sentence. Title 18 U.S.C. § 3582 (c) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT. The court may not modify a term of imprisonment once it has been imposed except that--- (1) in any case--- (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the SENTENCING COMMISSION; In **United States v. Benson** 917 F. Supp 543(W.D.Tenn. 1995) at Id. 548 which states: "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson, 508 U.S. at 37 , 113 S.Ct. at 1915.

5.

The Director of the Bureau of Prison has not moved for a reduction of the defendant's sentence under § 3582 (c)(1)(A), and neither any other statute nor Rule 35 is applicable. Therefore the Plaintiff/Petitioner must establish entitlement to reduction under 18 U.S.C. § 3582(c)(2) in which the Supreme Court has addressed the SENTENCING REFORM ACT OF 1984 and the unconstitutional application of the provision of the 1987 FEDERAL SENTENCING GUIDELINES that the judge, and Government has violated the Plaintiff/Petitioner Fifth and Sixth Amendment rights, by enhancing/increasing the Plaintiff sentence by using exceptional additional finding without the proof beyond a reasonable doubt, or that the defendant admitted to those facts. The Supreme Court has stated and clarified under 6A1.3 that the preponderance of the evidence standard and policy does not meet the standard of the Fifth Amendment "Due Process" "proof beyond a reasonable doubt". That the SENTENCING COMMISSION was in error in its belief of preponderance of evidence standard which increased the Defendant sentence, which the Supreme Court has established that preponderance of the evidence standard does not meet the "DUE PROCESS" requirements of the Fifth and Sixth Amendment Standard. The SENTENCING COMMISSION is an independent commission in the judicial branch authorized to promulgate and review and revise determinative-sentence guidelines. See **Mistretta v. United States,** 488 U.S. 361, 368-69 109 S.Ct. 647, 652-53, 102 L.Ed. 2d 714 (1988). The Commission is authorized to issue policy statements on how to apply the guidelines so as to further the purposes of §3553(a)(2). However the Supreme Court has rule that the use of the preponderance of the evidence standard and policy under 6A1.3 to increase or enhance the Defendant sentence was an unconstitutional application in which the SENTENCING COMMISSION stated that could be used as the Fifth Amendment ( Due Process, and Proof beyond a reasonable doubt ). That this effected the Plaintiff substantial rights. In which thenPlaintiff mustnfilesaaMotion on his own pursuant to 18 U.S.C. § 3582(c)(2) to correct error in which the SENTENCING COMMISSION has stated in §6A1.3. which increased/enhance is sentence .

In **United States v. Benson** 917 F. Supp. 543 (W.D. Tenn. 1995) at Id. 551
states: " According to the Supreme Court, "[w]e have stated time and again
that courts must presume that a legislature says in a statute
what it means and means in a statute what its says See, e.g.
United States v. Ron Pair Enterprises, Inc. 489 U.S. 235, 241-
242 [109 S.Ct.1026, 1030-1031, 103 L.Ed. 2d. 290] (1989); United
States v. Goldenberg 168 U.S. 95, 102-103 [18 S.Ct. 3, 4, 43 L.Ed.
394] (1897) Oneale v. Thornton, 6 Cranch 53, 68[3 L.Ed. 150](1810)

That the Supreme Court has explained/clarified the belief of the Sentencing Commission ( belief on preponderance of evidence standard ) to be wrong and an unconstitutional application of the SENTENCE REFORM ACT OF 1984 and the provision of the 1987 FEDERAL SENTENCING GUIDELINES of CHAPTER SIX-SENTENCING PROCEDURES AND PLEA AGREEMENTS under §6A1.3 Resolution of Disputed factors ( Policy Statement ).in the Commentary.

8. The Plaintiff/Defendant states this is not a CIVIL PROCEEDING under 28 U.S.C. §2255 or any other type of civil proceeding until this criminal matter is settled, that a Magistrate Judge cannot presided over this criminal matter nor can the Clerk/Court Re-Characterized these Criminal Proceeding has a civil proceeding, in which the Sentence Commission or the Court has violated the the Defendant substantial rights, in which the commission belief that the preponderance of evidence standard and policy was the same has Fifth Amendment " Due Process Requirement " in which the Court has use the section under the 1987 Federal Sentencing Guidelines under the SENTENCE REFORM ACT OF 1984 . ( i.e. 1B1.3, 1B1.11, 2D1.1(c), 3C1.1, 3B1.1(a) etc. ).Which was unconstitutional applied to the Defendant sentence and judgment.

The Defendant now presents to the Court through this Motion pursuant to 18 U.S.C. 3582 (c)(2) to correct and modify the Sentence and Judgment pursuant to the SENTENCE REFORM ACT OF 1984 and the 1987 FEDERAL SENTENCING GUIDELINES which was unconstitutional applied by the Sentencing Judge and the Pre-Sentencing Investigating Report which is:
The base offense level of 34, which purportedly involved 335.72 grams of "crack cocaine" and 12.646 grams of cocaine hydrochloride. This was based on facts found by a judge under the preponderance of evidence standard opposed to the beyond a reasonable doubt standard, which is based on facts found by a trial jury.

Further, Petitioner received an adjustment for obstruction of justice (2 points increase in the base offense level), which was neither pled in the indictment or facts found by a jury.

9. Hence, Petitioner's sentence should reflect the amount of drugs seized from his possession, which was 12 grams of cocaine hydrochloride and 23 grams of cocaine base, as known as "crack". The end result or sentence would render a base offense level of 28 (87-108 months) after the drugs were properly converted through the marihuana equivalency table. Petitioner would receive an aggregate sentence of 147 months with the gun charge ran consecutively.

10. Noting that "a [then] mandatory guidelines regime pose[d] a constitutional problem only insofar as the guideline range involved extra verdict enhancements". Booker, supra

11. Because the sentencing range that was imposed has subsequently been lowered through the discretionary application of the guidelines pursuant to 28 U.S.C. 994(O), the court may consider the factors set forth in section 3553(a) to the extent that they are applicable to reduce the term of imprisonment. In this case, Petitioner's sentencing range would reflect at the maximum a 147 months based on the real facts attributable to Petitioner.

12. Accordingly, Petitioner requests this Honorable Court to consider the factors set forth in section 3553(a) to the extent applicable, in fashioning a sentencing range that has been subsequently lowered through the discretionary application of the sentencing guidelines.

Dated: December 21st, 2005   Respectfully Submitted,
by:
/s/ Vincent E. Williams
Vincent E. Williams

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion to Reduce Sentence and Modify Judgment in accordance to sentencing Reform Act 1984 and 1987 Federal Sentencing Guidelines, Pursuant to 18 U.S.C. §3582(c)(2) was served on opposing counsel this 21st day of December, 2005, via U.S. mail with proper pre-paid postage affixed.

/s/ *Vincent E. Williams*
Vincent E. Williams

## VERIFICATION

I, hereby declare under the penalty of perjury that the above-mentioned facts are true to the best of my knowledge.
Dated: December 21st, 2005        /s/ *Vincent E. Williams*
Vincent E. Williams

10.