IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06cv2-WHA |
| | ) | WO |
| VINCENT EDWARDS WILLIAMS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion to Reduce Sentence and Modify Judgment in Accordance to Sentencing Reform Act 1984 and 1987 Federal Sentencing Guidelines, Pursuant to 18 U.S.C. § 3582(c)(2)*," filed by federal inmate Vincent Edwards Williams ("Williams") on December 21, 2005 (Doc. # 1).[1]  By this motion, Williams seeks a reduction of the sentence imposed upon him by this court in 1996 for various narcotics and firearm offenses.  For the reason now discussed, the court concludes that he is not entitled to any relief.

**I.  DISCUSSION**

**A.    Request for Relief under 18 U.S.C. § 3582(c)(2)**

Williams purports to file this motion under 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a sentence following the lowering of a sentencing range by the

---

[1] Although Williams's motion is date stamped "received" on December 28, 2005, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, December 21, 2005, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  This court originally docketed Williams's motion as Doc. # 80 in Criminal Case No. 1:95cr234-WHA.  On January 3, 2006, the Clerk docketed it as a civil action under 28 U.S.C. § 2255, Civil Action No. 1:06cv2-WHA.

Sentencing Commission. Williams contends that the Supreme Court's remedial holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 749-50 (2005), that the Sentencing Guidelines must be considered as advisory as opposed to binding, allows the district court to determine whether a reduction of his sentence – which was imposed pre-*Booker* – is warranted under § 3582(c)(2). *See Motion* (Doc. # 1) at 6-8. However, the Eleventh Circuit has held that *Booker* is inapplicable to motions under § 3582(c)(2). *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission."). Therefore, § 3582(c)(2) does not provide Williams with a basis to reduce his sentence.

**B.     Applicability of 28 U.S.C. § 2255**

The claims asserted by Williams in his motion attack the fundamental legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or

ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Williams seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. This is at least the second § 2255 motion filed by Williams attacking his 1996 sentence. This court denied his initial § 2255 motion, filed on March 3, 1998, deciding all claims adversely to Williams. *See United States v. Williams*, Criminal Case No. 1:95cr234-WHA - Doc. # 70 - *7 Feb. 2000 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of 24 Mar. 2000, Doc. # 72).[2]

---

[2] On May 13, 2004, Williams filed a pleading styled as a "*Motion for Judgment of Acquittal or New Trial Based on New Discovered Evidence*" also challenging his 1996 sentence. *See United States v. Williams*, Criminal Case No. 1:95cr234-WHA (Doc # 77). Because that motion attacked the fundamental validity of Williams's sentence, this court characterized the motion – as it has done with the instant motion – as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. Because Williams had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Williams has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Williams's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

---

§ 2255 motion, this court summarily dismissed his § 2255 motion. *See United States v. Williams*, Criminal Case No. 1:95cv234 - Doc. # 79 - *13 Oct. 2004 Order*.

[3] As indicated above, Williams's claim for relief is premised on the applicability of the holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), to his sentence. However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, in addition to the "successive motion" bar on which this Recommendation is based, Williams cannot prevail on the merits of his substantive claims.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Williams on December 21, 2005, be denied and this case dismissed, as Williams has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 8, 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 23rd day of February, 2006.

                                       /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE